# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
THOMAS GIEDGOWD

### DEFENDANTS
CAFARO GROUP, LLC d/b/a CAFARO GREENLEAF and GREENLEAF ADVISORS LLC

**(b)** County of Residence of First Listed Plaintiff: **Chester**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Monmouth**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin Console, Esquire
Console Mattiacci Law LLC, 1525 Locust Street, 9th Floor
Philadelphia, PA 19102   215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**: 110 Insurance; 120 Marine; 130 Miller Act; 140 Negotiable Instrument; 150 Recovery of Overpayment & Enforcement of Judgment; 151 Medicare Act; 152 Recovery of Defaulted Student Loans (Excludes Veterans); 153 Recovery of Overpayment of Veteran's Benefits; 160 Stockholders' Suits; 190 Other Contract; 195 Contract Product Liability; 196 Franchise

**TORTS — PERSONAL INJURY**: 310 Airplane; 315 Airplane Product Liability; 320 Assault, Libel & Slander; 330 Federal Employers' Liability; 340 Marine; 345 Marine Product Liability; 350 Motor Vehicle; 355 Motor Vehicle Product Liability; 360 Other Personal Injury; 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**: 365 Personal Injury - Product Liability; 367 Health Care/Pharmaceutical Personal Injury Product Liability; 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**: 370 Other Fraud; 371 Truth in Lending; 380 Other Personal Property Damage; 385 Property Damage Product Liability

**REAL PROPERTY**: 210 Land Condemnation; 220 Foreclosure; 230 Rent Lease & Ejectment; 240 Torts to Land; 245 Tort Product Liability; 290 All Other Real Property

**CIVIL RIGHTS**: 440 Other Civil Rights; 441 Voting; [x] 442 Employment; 443 Housing/Accommodations; 445 Amer. w/Disabilities - Employment; 446 Amer. w/Disabilities - Other; 448 Education

**PRISONER PETITIONS — Habeas Corpus**: 463 Alien Detainee; 510 Motions to Vacate Sentence; 530 General; 535 Death Penalty; **Other**: 540 Mandamus & Other; 550 Civil Rights; 555 Prison Condition; 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**: 625 Drug Related Seizure of Property 21 USC 881; 690 Other

**LABOR**: 710 Fair Labor Standards Act; 720 Labor/Management Relations; 740 Railway Labor Act; 751 Family and Medical Leave Act; 790 Other Labor Litigation; 791 Employee Retirement Income Security Act

**IMMIGRATION**: 462 Naturalization Application; 465 Other Immigration Actions

**BANKRUPTCY**: 422 Appeal 28 USC 158; 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**: 820 Copyrights; 830 Patent; 835 Patent - Abbreviated New Drug Application; 840 Trademark; 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**: 861 HIA (1395ff); 862 Black Lung (923); 863 DIWC/DIWW (405(g)); 864 SSID Title XVI; 865 RSI (405(g))

**FEDERAL TAX SUITS**: 870 Taxes (U.S. Plaintiff or Defendant); 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**: 375 False Claims Act; 376 Qui Tam (31 USC 3729(a)); 400 State Reapportionment; 410 Antitrust; 430 Banks and Banking; 450 Commerce; 460 Deportation; 470 Racketeer Influenced and Corrupt Organizations; 480 Consumer Credit (15 USC 1681 or 1692); 485 Telephone Consumer Protection Act; 490 Cable/Sat TV; 850 Securities/Commodities/Exchange; 890 Other Statutory Actions; 891 Agricultural Acts; 893 Environmental Matters; 895 Freedom of Information Act; 896 Arbitration; 899 Administrative Procedure Act/Review or Appeal of Agency Decision; 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq. ("ADEA") and 43 P.S. § 951, et seq. ("PHRA").

Brief description of cause:
Plaintiff brings this action against his former employer for discrimination based on his age.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE: December 8, 2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Strafford, PA 19087__

Address of Defendant: __286 Broad Street, Red Bank, NJ 07701__

Place of Accident, Incident or Transaction: _____

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __12/8/2020__   *Attorney-at-Law / Pro Se Plaintiff*   __317235__   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Kevin Console, Esquire__, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __12/8/2020__   *Attorney-at-Law / Pro Se Plaintiff*   __317235__   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| THOMAS GIEDGOWD | : | CIVIL ACTION |
| PLAINTIFF, | : | |
| v. | : | |
| CAFARO GROUP, LLC d/b/a CAFARO | : | |
| GREENLEAF & GREENLEAF ADvISORS, LLC | : | NO. |
| DEFENDANTS. | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( X )

| | | |
|---|---|---|
| December 8, 2020 | /s/ Kevin Console | Plaintiff, Thomas Giedgowd |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 701-2344 | kevinconsole@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS GIEDGOWD**<br>Strafford, PA 19087<br><br>        **Plaintiff,**<br><br>        v.<br><br>**CAFARO GROUP, LLC**<br>d/b/a **CAFARO GREENLEAF**<br>286 Broad Street<br>Red Bank, NJ 07701<br><br>        and<br><br>**GREENLEAF ADVISORS, LLC**<br>286 Broad Street<br>Red Bank, NJ 07701<br><br>        **Defendants.** | **CIVIL ACTION NO.**<br><br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

**I.      INTRODUCTION**

Plaintiff, Thomas Giedgowd, brings this action against his former employers, Cafaro Group, LLC d/b/a Cafaro Greenleaf ("Defendant Cafaro") and Greenleaf Advisors, LLC ("Defendant Greenleaf") (collectively, "Defendants"), for discriminating against Plaintiff based upon his age, including substantially decreasing Plaintiff's compensation in January 2019 and terminating Plaintiff in March 2019, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

Plaintiff seeks damages, including economic loss, compensatory damages, liquidated damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

## II.   PARTIES

1. Plaintiff, Thomas Giedgowd, is an individual and a citizen of the Commonwealth of Pennsylvania. Plaintiff resides in Strafford, Pennsylvania.

2. Plaintiff is currently sixty-eight (68) years of age.

3. Defendant Cafaro is engaged in an industry affecting interstate commerce and regularly does business in Pennsylvania.

4. Defendant Greenleaf is engaged in an industry affecting interstate commerce and regularly does business in Pennsylvania.

5. Defendant Cafaro is a New Jersey limited liability company that maintains a principal place of business in Red Bank, New Jersey.

6. Defendant Greenleaf is a New Jersey limited liability company that maintains a principal place of business in Red Bank, New Jersey.

7. Defendants collectively maintain and operate offices located at 1285 Drummers Lane, Suite 201, Wayne, Pennsylvania.

8. At all relevant times, Plaintiff primarily worked at Defendants' offices located in Wayne, Pennsylvania.

9. At all relevant times, Defendants employed twenty (20) or more employees.

10. Defendant Cafaro is the "alter ego" of its owners and of Defendant Greenleaf.

11.     Defendants collectively presented themselves as a single company such that third parties dealt with them as one unit.

12.     Defendant Cafaro shares with Defendant Greenleaf, *inter alia*, common ownership, office locations, personnel policies, and employment practices.

13.     Defendant Cafaro and Defendant Greenleaf are interconnected such that they are considered a "single" and/or "integrated" employer and/or enterprise. Defendants collectively caused the actions complained of herein.

14.     At all relevant times, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

15.     At all relevant times, Defendants acted as an employer within the meaning of the statutes which form the basis of this matter.

16.     At all relevant times, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

**III.     JURISDICTION AND VENUE**

17.     The causes of action which form the basis of this matter arise under the ADEA and the PHRA.

18.     This Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c), 28 U.S.C. §1331 and 28 U.S.C. §1332.

19.     This Court has jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. §1367 and 28 U.S.C. §1332.

20.     Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims

3

occurred within this District.

21. On or about April 25, 2019, Plaintiff filed a complaint of discrimination with the Pennsylvania Human Relations Commission, complaining of acts of discrimination alleged herein. That complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto and incorporated herein as Exhibit "1" is a true and correct copy of Plaintiff's agency complaint (with personal identifying information redacted).

22. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV. FACTUAL ALLEGATIONS

23. In or around June 1996, Plaintiff was hired by Carroll Consultants, Ltd. ("Carroll").

24. Carroll was acquired by Defendants in or around October 2018.

25. As of Plaintiff's termination in March 2019, he had twenty-two (22) years of service.

26. Plaintiff was born on April 9, 1952.

27. Plaintiff was sixty-six (66) years of age when Defendants terminated his employment.

28. Plaintiff last held the position of Senior Investment Advisor at Defendants.

29. Plaintiff last reported to Brian Clark ("Clark") (approximately age 45), Managing Director of Operations.

30. Clark reported to Wayne Greenleaf (approximately age 46), Managing Principal, and Jamie Greenleaf (approximately age 47), Lead Advisor, Principal.

31. As of Plaintiff's termination, he was the oldest employee working in Defendants' office in Wayne, PA.

32. Beginning in or around October 2018, Defendants failed to pay Plaintiff's health insurance costs.

33. Defendants continued to pay for health insurance costs of younger employees working in Defendants' office in Wayne, PA.

34. In or around January 2019, Defendants reduced Plaintiff's compensation by more than 40%.

35. Defendants failed to provide Plaintiff with any explanation as to why his compensation was reduced.

36. Plaintiff asked Defendants to reconsider their decision to reduce his compensation by more than 40% along with reasons supporting the request.

37. Defendants denied Plaintiff's request without providing him an explanation.

38. Prior to January 2019, Plaintiff had no indication that his compensation would be substantially reduced.

39. Prior to January 2019, Plaintiff was being compensated in accordance with his high-performance and years of service.

40. To Plaintiff's knowledge, Defendants did not substantially reduce the compensation of younger employees working in Defendants' Wayne, PA office to the same extent that Plaintiff's was reduced.

41. Defendants substantially reduced Plaintiff's compensation because of his age.

42. On or about Friday, March 22, 2019, in a meeting with Clark and Harold "Buzz" Hartsig III (approximately age 49), Managing Director of Operations in Defendants' Wayne, PA office, Defendants' terminated Plaintiff's employment.

43. Defendants told Plaintiff that if he wanted to "retire with dignity" he could choose to continue to work for Defendants for two (2) more weeks during which he would transition his advisory clients to another employee.

44. Defendants asked Plaintiff to make a decision within a few hours.

45. Plaintiff agreed to continue to work for two (2) more weeks.

46. On or about Monday, March 25, 2019, Defendants informed Plaintiff that if he wanted to stay for the additional two (2) weeks that they offered him, he would have to tell his clients that he was retiring, rather than being terminated.

47. Plaintiff refused to lie to his clients.

48. As a result, Defendants terminated Plaintiff's employment, effective immediately, March 25, 2019.

49. Defendants failed to provide Plaintiff with any explanation as to why he was being terminated.

50. Plaintiff was repeatedly told during the March 22, 2019 termination meeting that there was "no reason" for his termination.

51. Defendants did not terminate any other employees from the Wayne, PA office on March 25, 2019.

52. Defendants assigned a portion of Plaintiff's job duties to Mark Ries ("Ries"), Investment Advisor and my former direct report, and/or to Michele Conner ("Connor"), Retirement Plan Advisor.

53. Both Ries and Connor are substantially younger than Plaintiff.

54. Plaintiff is more qualified and experienced to perform his job duties as compared to the substantially younger employees to whom Defendants assigned Plaintiff's responsibilities.

55. Plaintiff's age was a motivating and determinative factor in Defendants' decision to substantially decrease Plaintiff's compensation.

56. Plaintiff's age was a motivating and determinative factor in Defendants' decision to terminate Plaintiff.

57. Defendants treated substantially younger employees more favorably than it treated Plaintiff. By way of example, other similarly-situated employees did not have their compensation decreased to the same extent and were not terminated without explanation.

58. As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

59. The conduct of Defendants, as set forth above, was willful under the circumstances and warrants the imposition of liquidated damages.

## COUNT I – ADEA

60. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

61. By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the ADEA.

62. As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

63. Said violations were willful and warrant the imposition of liquidated damages.

64. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless this Court grants the relief requested herein.

65. No previous application has been made for the relief requested herein.

## COUNT II – PHRA

66. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

67. By committing the foregoing acts of discrimination, Defendants have violated the PHRA.

68. Plaintiff's age was a motivating and/or determinative factor in connection with Defendants' treatment of him.

69. As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

70. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this

Court grants the relief requested herein.

71. No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' unlawful conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of the ADEA;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) enjoining and permanently restraining the violations alleged herein;

(d) entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(e) awarding damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

(f) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

(g) awarding liquidated damages to Plaintiff under the ADEA;

(h) awarding Plaintiff such other damages as are appropriate under the ADEA and the PHRA;

    (i) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

    (j) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

        **CONSOLE MATTIACCI LAW, LLC**

Dated: December 8, 2020  BY: *s/ Kevin Console*
           Kevin Console, Esq.
           1525 Locust Street, 9th Floor
           Philadelphia, PA 19102

           Attorneys for Plaintiff,
           Thomas Giedgowd

# EXHIBIT 1

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Received**
APR 2 5 2019
PA Human Relations Commission
Philadelphia Regional Office

## COMPLAINT

COMPLAINANT:

**THOMAS H. GIEDGOWD**

v.

RESPONDENTS:

**CAFARO GROUP**

and

**GREENLEAF ADVISORS, LLC**

Docket No. 201901578

1. The Complainant herein is:

   Name:    Thomas H. Giedgowd

   Address: REDACTED
            Strafford, PA 19087

2. The Respondents herein are:

   Name:    Cafaro Group; Greenleaf Advisors, LLC

   Address: 1285 Drummers Lane, Suite 201
            Wayne, PA 19087

3. I, Thomas H. Giedgowd, the Complainant herein, allege that I was subjected to unlawful discrimination because of my age (67), as set forth below:

**Discrimination**

### A. I specifically allege:

[1]　　In or about June 1996, I was hired by Respondents' predecessor. In or about October 2018 Respondents merged with their predecessor.

[2]　　I had twenty-two (22) years of service at Respondents and Respondents' predecessor. I consistently performed my job duties in a highly competent manner.

[3]　　I am age sixty-seven (67), and my birth date is April 9, 1952.

[4]　　I last held the position of Senior Investment Advisor.

[5]　　I last reported to Brian Clark (45[1]), Managing Director of Operations. Clark reports to Wayne Greenleaf (46), Managing Principal, and Jamie Greenleaf (47), Lead Advisor, Principal.

[6]　　I was the oldest employee working in Respondents' office in Wayne, PA at the time of my termination.

[7]　　Beginning October 2018, Respondents failed to pay my health insurance costs while they continued to pay for health insurance costs of younger employees working in Respondents' office in Wayne, PA.

[8]　　In January 2019 Respondents reduced my salary by more than 40%. Respondents failed to provide me with any explanation as to why my salary was being substantially reduced.

[9]　　I asked Respondents to reconsider their decision to reduce my salary by more than 40%, and provided them my salary request and the reasons to support it. Respondents denied my salary request without providing me with an explanation.

---

[1] All ages herein are approximations.

[10]     Before January 2019 I had no indication that my salary would be substantially reduced by more than 40%. Prior to January 2019 I was being paid in accordance with my high-performance and years of service.

[11]     To the best of my knowledge, Respondents did not substantially reduce the salaries of younger employees working in Respondents' Wayne, PA office to the same extent that Respondents reduced my salary.

[12]     Respondents substantially reduced my salary because of my age.

[13]     On Friday, March 22, 2019, in a meeting with Clark (45) and Harold (Buzz) Hartsig III (49), Managing Director of Operations in Respondents' Wayne, PA office, Respondents terminated my employment. Respondents told me that if I wanted to "retire with dignity" I could choose to continue to work for Respondents for two (2) more weeks during which I would transition my advisory clients to another employee. Respondents asked me to make a decision within a few hours. I agreed to continue to work for two (2) more weeks.

[14]     On Monday, March 25, 2019, I was told by Respondents that if I wanted to stay for the additional two (2) weeks that they offered me, I would have to tell my clients that I was retiring, rather than being terminated. I refused to lie to my clients. As a result, Respondents terminated my employment effective immediately.

[15]     Respondents failed to provide me with any explanation as to why I was being terminated. I was repeatedly told during the March 22, 2019 termination meeting that there was "no reason" for my termination.

[16]     I was Respondents' only employee working in the Wayne, PA office terminated effective March 25, 2019.

[17]     Respondents terminated my employment because of my age.

[18]     Respondents assigned a portion of my job duties to Mark Ries (42), Investment Advisor and my former direct report, and/or to Michele Conner (49), Retirement Plan Advisor. I am more qualified and experienced to do my job duties than the substantially younger employees with whom Respondents replaced me.

[19]     Respondents discriminated against me based on my age in substantially reducing my salary and terminating my employment.

**B.** Based on the aforementioned, I allege that Respondents has discriminated against me because of my age (67), in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4.   The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

__X__    **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s): __(a)__**

_____    Section 5.1 Subsection(s) _____

_____    Section 5.2 Subsection(s) _____

_____    Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.   Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

    __X__      **This charge will be referred to the EEOC for the purpose of dual filing.**

6.     The Complainant prays that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

April 24, 2019
(Date Signed)

(Signature)    Thomas H. Giedgowd
REDACTED
Strafford, PA 19087

7

